**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTOPHER OJI DARKINS,<br><br>　　　　　　Plaintiff - Appellant,<br><br>　v.<br><br>DAVID SNOWDEN, in his official<br>capacity as Beverly Hills Chief of Police,<br><br>　　　　　　Defendant - Appellee. | No. 13-56865<br><br>D.C. No. 2:13-cv-03831-JLS-MAN<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted April 26, 2016[**]

Before:　　McKEOWN, WARDLAW, and PAEZ, Circuit Judges.

　　　Christopher Oji Darkins appeals pro se from the district court's judgment

dismissing his action alleging violations of the Privileges and Immunities Clause of

the United States Constitution.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

　　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

　　　[**]　　The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

review de novo.  *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013) (dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)); *Sommatino v. United States*, 255 F.3d 704, 707 (9th Cir. 2001) (dismissal for lack of subject matter jurisdiction).  We affirm.

The district court properly dismissed Darkins' action because Darkins cannot state a claim directly under the United States Constitution.  *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912 (9th Cir. 2001) ("This Court has held that a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. § 1983.").

Moreover, to the extent that Darkins' complaint can be liberally construed to allege claims under 42 U.S.C. § 1983, the district court properly dismissed Darkins' action because Darkins failed to allege facts sufficient to state a plausible claim.  *See United Bldg. & Constr. Trades Council v. Camden*, 465 U.S. 208, 217 (1984) (in-state residents "have no claim under the Privileges and Immunities Clause" to challenge their state's laws).

**AFFIRMED.**